UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**LISSETTE RIVERA,**

       **Plaintiff,**                  Case No.:

v.

**ANTONIO PRADO, MD, PA d/b/a**
**PRADO VISION CENTER**

       **Defendant.**
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW, Plaintiff, LISSETTE RIVERA, by and through her undersigned counsel and sues the Defendant, ANTONIO PRADO, MD, PA d/b/a PRADO VISION CENTER ("PRADO VISION") and states as follows:

**JURISDICTION AND VENUE**

1.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1367.

2.    Venue lies within the United States District Court for the Middle District of Florida, Tampa Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. 1391(b).

## PARTIES

3. Plaintiff, LISSETTE RIVERA, is an adult resident of Hillsborough County, Florida. At all times material, Plaintiff was an employee of Defendant within the meaning of the Americans with Disabilities Act, and the Florida Civil Rights Act.

4. Defendant, PRADO VISION, is a Florida Profit Corporation authorized and doing business in this Judicial District. At all times material, Defendant employed Plaintiff. At all times material, Defendant employed the requisite number of employees and, therefore, is an employer as defined by the Americans with Disabilities Act, and the Florida Civil Rights Act.

## GENERAL ALLEGATIONS

5. At all times material, Defendant acted with malice and reckless disregard for Plaintiff's federal and state protected rights.

6. At all times material, Plaintiff was qualified to perform her job duties within the legitimate expectations of her employer.

7. Plaintiff has retained the undersigned counsel to represent her in this action and is obligated to pay them a reasonable fee for their services.

8. Plaintiff requests a jury trial for all issues so triable.

## ADMINISTRATIVE PREREQUISITES

9. On August 5, 2021, Plaintiff timely filed a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR").

10. On March 9, 2022, the EEOC issued a Notice of Right to Sue related to Plaintiff's Charge of Discrimination. This Complaint is filed within ninety (90) days of the issuance of the Notice of Right to Sue; therefore, Plaintiff has met all conditions precedent to filing this Complaint.

11. Plaintiff has satisfied all conditions precedent, therefore jurisdiction over this claim is appropriate pursuant to Chapter 760, *Florida Statutes*, because more than one-hundred and eighty (180) days have passed since the filing of the Charge.

## FACTUAL ALLEGATIONS

12. Plaintiff is a 47-year-old female with a disability; specifically, Multiple Sclerosis (MS).

13. On or about January 4, 2012, Plaintiff began her employment with Defendant as a full-time Front Desk Receptionist.

14. During Plaintiff's employment with Defendant, Plaintiff received annual performance evaluations and consistently met expectations, including her July 2020 evaluation.

15. In late 2020, Plaintiff requested a transfer from Defendant's Brandon, Florida location to its Tampa, Florida location. Plaintiff's request was granted, and she started working at the Tampa location at the beginning of December 2020.

14. While working at the Tampa location, Plaintiff was neither written-up, nor did Plaintiff receive any negative feedback regarding her job performance.

15. In early December 2020, Plaintiff was contacted by her primary care physician and told that an MRI of Plaintiff's brain came back abnormal, and Plaintiff needed to follow-up with a neurologist.

16. In or around the week of January 11, 2021, Plaintiff requested a half-day off for her January 27, 2021, neurology appointment. Plaintiff's supervisor, Daisy Santiago (Front Desk Supervisor), asked Plaintiff why she needed to take a half-day. Plaintiff explained that she had an appointment with a doctor to rule out MS and asked that Santiago keep it confidential.

17. On January 28, 2021, Plaintiff was in the lunchroom with Santiago, Yara (supervisor, last name unknown), and a co-worker, Karina Gomez (Surgical Coordinator). Yara (l/n/u) asked Plaintiff about her "MS appointment," how it went and whether it was to "rule out MS." During the conversation, Santiago stated: "I hope your MS does not interfere with your work performance."

18. On February 3, 2021, Plaintiff was terminated from her employment with Defendant. Plaintiff was called to a meeting with Santiago and Vince van

Vuuren (Administrator) and told that she was being terminated because her "performance was lacking." They provided Plaintiff with a document that said Plaintiff was terminated for continuous errors in completion of her daily duties. Plaintiff was shocked because both Santiago and Van Vuuren told Plaintiff that she was doing "great" in December 2020.  Plaintiff asked them: "how can this be?" Van Vuuren simply said: "I'm sorry Lissette."

19. As a result of her termination, Plaintiff lost her health insurance, which was created additional difficulties for Plaintiff because she was in fact diagnosed with MS and has a disabled child.

## COUNT I
## AMERICANS WITH DISABILITIES ACT – DISCRIMINATION

20. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through nineteen (19).

21. Plaintiff is an individual entitled to protection under the Americans with Disabilities Act, as amended, 42 U.S.C. §12112 *et seq*.

22. Plaintiff is an employee within the meaning of the Americans with Disabilities Act, as amended.

23. Plaintiff is an individual with a disability within the meaning of the Americans with Disabilities Act, as amended.  Specifically, Plaintiff's Multiple Sclerosis substantially limited one or more major life activities and/or one or more major bodily functions.

24. Plaintiff was a qualified individual with a disability within the meaning of the Americans with Disabilities Act, as amended, because Plaintiff, with or without a reasonable accommodation, could perform the essential functions of her job.

25. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of her known disability, and/or because Defendant regarded her as having a disability, and/or because of Plaintiff's record of having a disability in violation of the Americans with Disabilities Act, as amended. Specifically, Defendant terminated Plaintiff's employment.

26. The above-described acts of disability discrimination constitute a violation of the Americans with Disabilities Act, as amended, for which Defendant is liable.

27. Defendant's unlawful and discriminatory employment practices toward Plaintiff were intentional.

28. Defendant's unlawful and discriminatory employment practices were done with malice or with reckless indifference to the federal-protected rights of Plaintiff.

29. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

  a. Back pay and benefits;

  b. Prejudgment interest on back pay and benefits;

  c. Front pay and benefits;

  d. Compensatory damages for emotional pain and suffering, inconvenience, loss of enjoyment of life and humiliation;

  e. Attorneys' fees and costs;

  f. Injunctive relief; and

  h. For any other relief this Court deems just and equitable.

## COUNT II
## FLORIDA CIVIL RIGHTS ACT ("FCRA") DISABILITY/HANDICAP DISCRIMINATION

30. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through nineteen (19).

31. Plaintiff is an individual entitled to protection under the Florida Civil Rights Act, *Fla. Stat.* §760, *et seq.*

32. Plaintiff is an employee within the meaning of the Florida Civil Rights Act.

33. Plaintiff is an individual with a disability/handicap within the meaning of the Florida Civil Rights Act. Specifically, Plaintiff's Multiple Sclerosis substantially limited one or more major life activities and/or one or more major bodily functions.

34. Plaintiff was a qualified individual with a disability within the meaning of the Florida Civil Rights Act because Plaintiff, with or without a reasonable accommodation, could perform the essential functions of her job.

35. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of her known disability, and/or because Defendant regarded her as having a disability, and/or because of Plaintiff's record of having a disability in violation of the Florida Civil Rights Act.  Specifically, Defendant terminated Plaintiff's employment.

36. The above-described acts of disability discrimination constitute a violation of the FCRA, for which Defendant is liable.

37. Defendant's unlawful and discriminatory employment practices toward Plaintiff were intentional.

38. Defendant's unlawful and discriminatory employment practices were done with malice or with reckless indifference to the state-protected rights of Plaintiff.

39. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

a. Back pay and benefits;

b. Prejudgment interest on back pay and benefits;

  c. Front pay and benefits;

  d. Compensatory damages for emotional pain and suffering, inconvenience, loss of enjoyment of life and humiliation;

  e. Attorneys' fees and costs;

  f. Injunctive relief; and

  h. For any other relief this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

40. Plaintiff, LISSETTE RIVERA, demands a trial by jury on all issues so triable.

**DATED** this 6th day of June 2022.

**FLORIN GRAY BOUZAS OWENS, LLC**

*Gregory A. Owens*_____
**GREGORY A. OWENS, ESQUIRE**
Florida Bar No.: 51366
greg@fgbolaw.com
**WOLFGANG M. FLORIN, ESQUIRE**
Florida Bar No.: 907804
wolfgang@fgbolaw.com
16524 Pointe Village Drive, Suite 100
Lutz, Florida 33558
(727) 254-5255
(727) 483-7942 (fax)
*Trial Attorneys for Plaintiff*